## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**DD OIL COMPANY,**
**A West Virginia Corporation,**

        **Plaintiff,**

**v.**

**THE WEST VIRGINIA DEPARTMENT**
**OF ENVIRONMENTAL PROTECTION,**
**CABINET SECRETARY,**
**HAROLD D. WARD, in his official capacity and**
**individual capacity;**
**JAMES MARTIN, in his official capacity and**
**individual capacity;**
**HENRY J. HARMON, in his official capacity and**
**individual capacity;**
**JEREMY JAMES, in his official and**
**individual capacity;**
**DOUG NEWLON, in his official and**
**individual capacity;**
**JONATHAN S. RODEHEAVER, in his official and**
**individual capacity;**
**DEREK HAUGHT, in his official and**
**individual capacity; and**
**JOHN DOES 1-4, in their official and**
**individual capacities.**

        **Defendants.**

> ELECTRONICALLY
> FILED
> 9/13/2022
> U.S. DISTRICT COURT
> Northern District of WV

Civil Action No.: 1:22-cv-91
Judge: Kleeh

## **COMPLAINT**

    **COMES NOW** the Plaintiff, DD Oil Company, by counsel, Ryan J. Umina, Esq., Beth L. Umina, Esq., and the law firm of Umina Legal, PLLC, and for its Complaint against the above-named Defendants, states as follows:

**INTRODUCTION**

This action is brought by DD Oil Company ("DD Oil") against the parties named herein ("Defendants") who are employees, officers, and/or other agents within the West Virginia Department of Environmental Protection ("WVDEP") for their violations of DD Oil's federally protected due process rights and brazen interference with its business contracts and relationships. Stated succinctly, the Defendants unlawfully prevented DD Oil from completing necessary well work for the extraction of natural gas at multiple well sites in Ritchie County, West Virginia, by way of unlawfully usurping DD Oil's due process rights by unilaterally declaring its lawfully issued permits invalid, issuing frivolous permit violations and orders, and threatening criminal prosecution and exhorbitant monetary fines for noncompliance with their demands. Moreover, some or all of the Defendants tortiously interfered with DD Oil's pre-existing well service contracts. The Defendants' misconduct described herein has resulted in tremendous economic damages currently estimated to be in the millions of dollars.

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. 1331, 1343, and 1367.

2. Venue is proper before this Honorable Court pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. The Plaintiff, DD Oil, is an oil and gas company lawfully organized under the law of the State of West Virginia.

4. Defendant Harold Ward is the Cabinet Secretary for the WVDEP, the agency that oversees the Office of Oil and Gas ("OOG"), which is charged with oversight of West Virginia's oil and gas industry ("Secretary Ward").

5.  James Martin is the Chief of the OOG ("Chief Martin").

6.  Henry J. Harmon is the Deputy Chief of the OOG ("Deputy Chief Harmon")

7.  Doug Newlon is the Oil and Gas Inspector Supervisor for the Southern Region of West Virginia for the OOG ("Supervisor Newlon").

8.  Jonathan Scott Rodeheaver is the Assistant Chief of Enforcement for the OOG ("Enforcement Chief Rodeheaver").

9.  At all times relevant herein, Derek Haught was a site inspector for the OOG ("Inspector Haught").

10. Jeremy James is a site inspector for the OOG ("Inspector James").

11. John Does 1-4 ("John Doe Defendants") are unknown persons employed by the WVDEP and/or OOG who directed and/or acted in concert with the Defendant(s) to take the unlawful action(s) complained of herein against DD Oil.

12. Collectively and individually referred to as ("Defendants").

**FACTS**

13. DD Oil hereby incorporates by reference paragraphs 1-12 as if stated verbatim herein.

14. Like nearly all other similarly situated entities, DD Oil raised funds for its drilling program by way of normal industry standards.

15. To drill oil and gas wells in the State of West Virginia, DD Oil raised capital from outside investors sufficient to conduct its oil and gas operations, of which DD Oil has contractual obligations to perform as an oil and gas operator to serve their interests.

**DD OIL IS ISSUED VALID PERMITS FOR SUBJECT WELLS**

16. In furtherance of its drilling program, DD Oil obtained lawfully issued permits for wells 47-085-10399, 47-085-10400, 47-085-10401, and 47-085-10402 on or about March 26, 2020 ("Subject Wells"). *See* Permits for Subject Wells (Attached hereto as "Ex. 1").

17. The permits for the Subject Wells were valid for a period of twenty four (24) months and thus, were set to naturally expire on March 26, 2022.

**THE WVDEP OFFICE OF OIL AND GAS**

18. Upon information, the OOG collects a substantial amount of its necessary revenue for operation *via* permit fees and fines from citations relating thereto.

19. Upon information, at all times relevant herein, revenue collections by the OOG from permit fees and fines had declined substantially in recent years due to an overwhelming decrease of drilling and extraction operations throughout the State of West Virginia.

20. Upon information, as a result of substantially decreased revenue, the Defendant(s) unlawfully targeted DD Oil, and possibly other oil and gas operators, to increase revenue through unilateral revocation of permits and issuances of citations to collect fines.

21. The Defendants' animus to raise permit fees and fines was motivated by decreased revenues in the OOG and widespread layoffs in the agency, which is further described herein below.

**THE DEFENDANT(S) INTENTIONALLY TARGET DD OIL**
**WITH ABUSE OF MINISTERIAL FUNCTIONS AND DEPRIVATION OF**
**DUE PROCESS TO DEMAND ADDITIONAL PERMIT FEES AND FINES**

22. The Defendants undertook several intentional, unlawful, and/or baseless enforcement and other governmental actions against DD Oil in an attempt to force it to pay additional

permits fees and fines for the Subject Wells to the budget constrained WVDEP OOG without due process of the law.

23. Moreover, Defendants undertook several intentional, unlawful, and/or baseless enforcement actions against DD Oil  by ordering its well services contractors (whom DD Oil had prepaid contracts with) to cease all oil and gas well services on the Subject Wells.

**A MAY 17, 2021 EMAIL CONSTITUTED A BINDING DETERMINATION BY GOVERNMENTAL ACTORS THAT DEPRIVED DD OIL OF ITS DUE PROCESS RIGHTS BY UNILATERAL PERMIT REVOCATION FOR THE SUBJECT WELLS**

24. On or about May 17, 2021, one or more Defendants conspired to send DD Oil an email stating that DD Oil did not have permits to frack the Subject Wells ("May 17, 2021 Email"), despite the permits having a natural expiration date in March of 2022.

25. On or about June 30, 2021, one or more Defendants conspired to send DD Oil a consent order to pay $44,100.00 to continue his well work on the Subject Wells, to which DD Oil refused to sign and pay.

26. Upon information, the Defendants threatened DD Oil with additional fines up to $25,000.00 per day for non-compliance with the May 17, 2021 Email if it did not sign the consent order and pay the $44,100.00 fine.

27. On or about July 14, 2021, DD Oil emailed Enforcement Chief Rodeheaver stating that it did not believe its permits for the Subject Wells had expired or were invalid.

28. Despite being aware that DD Oil disputed the May 17, 2021 Email, the Defendants continued to pursue DD Oil based upon the unilateral revocation of its permits without providing DD Oil proper notice and opportunity for a hearing to contest the unilateral revocation of its permits for the Subject Wells.

**ISSUANCE OF A JULY 16, 2021 CEASE OPERATIONS ORDER
CONSTITUTED AN INTENTIONAL ABUSE OF PROCESS AND MINISTERIAL
FUNCTIONS, AS WELL AS DEPRIVATION OF DD OIL'S DUE PROCESS RIGHTS**

29. After unilaterally declaring DD Oil's permits for the Subject Wells invalid, on or about July 14, 2021, Supervisor Newlon drove to the Subject Wells but took no enforcement action(s).

30. Upon information and belief, Supervisor Newlon and/or another supervisor within the WVDEP and/or OOG requested that Inspector Haught, of Ritchie County, issue a Finding of Imminent Danger and Cease Operations Order regarding the Subject Wells, however, Inspector Haught was not comfortable issuing such order, as he did not think the circumstances warranted a shutdown of DD Oil's operations.

31. Upon information and belief, Inspector James was subsequently directed by OOG Chief Martin and/or conspired with the other Defendant(s) to issue a Finding of Imminent Danger and Cease Operations Order to intentionally "shut down" DD Oil for the purpose of raising additional permit fees and fines from DD Oil.

32. Inspector James' normal territory does not include Ritchie County.

33. Inspector James issued a "Finding of Imminent Danger and Cease Operations Order" on or about July 16th, 2021, at the direction of a supervisor within the OOG ("July 16, 2021 Order"). *See* July 16, 2021, Order (Attached hereto as "Ex. 2").

34. The July 16, 2021 Order alleged "the existence of an imminent danger. . . that may cause death or serious physical harm to persons" and "that a fresh water supply will be lost or contaminated; before the condition can be abated." *Id*.

35. The July 16, 2021 Order alleged that DD Oil was "fracking outside of allotted completion time" and "fracking without a permit" in violation of W. Va. Code §22-6-6, but did not

include any actual factual allegations supportive of "an imminent danger to persons or fresh water supply." *Id*.

36. The July 16, 2021 Order further threatened the assessment of civil penalties, the filing of misdemeanor charges, and injunctive relief; however, the condition alleged in the same never actually existed.

37. In fact, the Defendant(s) did not possess any knowledge or information regarding the existence of imminent danger to persons or threats to a fresh water supply, as required in a Finding of Imminent Danger and Cease Operations Order, but relied solely upon its unilateral declaration that the lawfully issued permits for the Subject Wells were now invalid.

38. Due to the threats contained within the July 16, 2021 Order, DD Oil was forced to cease all operations causing DD Oil to incur significant and sustained financial losses.

39. The Defendants' issuance of the July 16, 2021 Order constituted an abuse of ministerial function and a further deprivation of DD Oil's due process rights by government actors acting under the color of state law.

**DEFENDANTS EXPOSE THEIR INTENTIONAL DEPRIVATION OF DD OIL'S DUE PROCESS RIGHTS IN THEIR APPLICATION FOR INJUNCTIVE RELIEF**

40. Prior to the expiration of the deadline to request an administrative hearing on the July 16, 2021 Order, the Defendant(s) filed an Application for Injunctive Relief Pursuant to West Virginia Code 22-6-39 and Motion for Temporary Restraining Order on July 23, 2021, ("Injunction") regarding the subject matter at issue. *See* Application for Injunctive Relief Pursuant to West Virginia Code 22-6-39 and Motion for Temporary Restraining Order (Attached hereto as "Ex. 3").

41. The Circuit Court of Ritchie County, West Virginia, then entered an Order Granting Temporary Restraining Order on August 4, 2021 ("TRO"), further solidifying the Defendants' deprivation of  DD Oil's due process rights and adding more pressure for DD Oil to pay fines and permit fees without the opportunity to be heard and seek redress. *See* Order Granting Temporary Restraining Order (Attached hereto as "Ex. 4").

42. On August 5, 2021, Enforcement Chief Rodeheaver emailed Producer Services Corporation, ("Producer Services") one of its well service providers, and stated, "DD Oil does not currently possess valid permits to frack these three remainin wells 47-085-10399; 47-085-10400; 47-085-401" and that "your company is on site and fracked the 47-085-10399 after DD Oil defied the cease order issued to them on July 16, 2021." *See* Emails to Producer Services (Attached hereto as Ex. 5").

43. Turning to the substance of the Injunction, the Defendant(s) alleged that the May 17th Email constituted lawful notice to DD Oil that its permits for the Subject Wells were invalid and that it needed to obtain a permit to "lawfully hydraulically fracture the wells." *See* Ex. 3 at p. 4 at Count I.

44. Therein, the Defendant(s) further allege that DD Oil did not possess permits to hydraulically fracture the Subject Wells, despite previously issuing lawful permits for the same and never taking procedurally sound action(s) to deprive DD Oil of its rights thereunder. *Id* at paragraph 17-18.

45. An email making a unilateral determination depriving DD Oil of its rights and ability to extract natural gas at the Subject Wells does not meet muster for procedural due process, yet the Defendants cite the May 17, 2021 Email as Exhibit 1 to their Injunction as

evidence and authority that DD Oil's permits were no longer valid, further exposing their clear deprivation of DD Oil's due process rights.

46. As discussed above, the July 16, 2021 Order was also legally insufficient and contained baseless allegations; however, the Defendant(s) cite the issuance of said order as Exhibit 2 in its Injunction with the indication that DD Oil's permit was now revoked, further exposing their abuse of process and intent to deprive DD Oil of its due process rights. *See* Ex. 3 at p. 5, paragraph 23.

47. The arguments contained in the Injunction by the Defendant(s) expose clear violations of DD Oil's due process rights.

48. No other lawful notice, form, and/or order had been issued by the Defendants to DD Oil allowing it to exercise its due process rights.

49. The Defendants filing the Injunction, as described herein, constituted an abuse of process and an intentional, oppressive deprivation of DD Oil's due process rights by government actors acting under the color of state law.

50. Moreover, filing for the Injunction during the time prescribed to apply for an administrative hearing constituted oppressive governmental action designed to further deprive DD Oil of its due process rights.

51. Further, DD Oil's response to the Injunction again made clear to the Defendants that "DD Oil Company had the right to fracture the remaining wells on the drill site." *See* Response to Application for Injunctive Relief Pursuant to West Virginia Code 22-6-39 ("Response"). (Attached hereto as "Ex. 6").

52. The allegations contained in the Injunction as the basis for filing presume that DD Oil's permit had already been lawfully invalidated by operation of the May 17, 2021 Email.

53. The May 17, 2021 Email and the July 16, 2021 Order were both violative of non-discretionary ministerial functions, as discussed herein, and further exposed the intentional abuse of process and deprivation of DD Oil's due process rights.

### AUGUST 11, 2021 INJUNCTION HEARING

54. It is clear that the Defendants lacked any actual knowledge of any threat to a fresh water supply or persons as required by the July 16, 2021 Order from the sworn testimony provided in the August 11, 2021 Injunction Hearing.

55. During the Injunction hearing, the Court questioned Enforcement Chief Rodeheaver about threats to freshwater supplies or persons to which he responded, "I do not know if any of those conditions are real or actual…" *See* Hearing Transcript at 48:22 - 49:15 (Attached hereto as "Ex. 7").

56. After the Injunction hearing, the Circuit Court ruled that "no evidence was introduced that indicated irreparable harm had actually occurred during the time between the issuance of the permits and the hearing before the Court" and accordingly, entered the Order Denying the Motion for Preliminary Injunction and Dissolving Temporary Restraining Order on August 26, 2021 ("Order Denying Injunction"). *See* Order Denying Injunction (Attached hereto as "Ex. 8").

57. The Court left open the issue of expiration of the permits to be addressed in the administrative process, and therefore, DD Oil was unable to challenge the Defendant(s) unilateral revocation of its permits.

58. Due to the improper and intentional conduct of the Defendant(s), as described herein throughout, DD Oil was deprived of any opportunity for a hearing on the validity of its permits for the Subject Wells, resulting in continued deprivation of its due process rights.

### DESPITE LOSING THE INJUNCTION, THE DEFENDANT(S)
### CONTINUE TO TARGET DD OIL, ABUSE THEIR MINISTERIAL
### FUNCTIONS, AND DEPRIVE DD OIL OF ITS DUE PROCESS RIGHTS

59. The Defendants, despite losing their Injunction, continued to target DD Oil with frivolous enforcement actions and interference with its pre-existing business contracts.

60. On August 13, 2021, two days after losing at the Injunction hearing, Enforcement Chief Rodeheaver sent an email to others within the OOG including, but not limited to, Chief Martin, Supervisor Newlon, Inspector Haught, and Deputy Chief Harmon, laying out a detailed plan to force DD Oil to pay for new permits with further threats of sanctions and penalties—asserting that these actions were justified because of their unilateral declaration invalidating the permits, mentioning "a number of people had to find other jobs [within the WVDEP OOG] in the past year because permit fees were down." *See* August 13, 2021 email (Attached hereto as "Ex. 9).

61. By letter dated September 9, 2021, the Defendant(s) directed DD Oil to complete forms WR-35 and WR-34 for the Subject Wells. *See* September 9, 2021 Letter requesting WR 34 and WR 35 for the Subject Wells (Attached hereto as "Ex. 10").

62. DD Oil submitted WR 34 forms requested by the Defendants.

63. Form WR-35 is required upon completion of well work.

64. DD Oil was never able to finish well work due the Defendants' misconduct described herein above, and therefore submission of WR-35's were premature at that time.

65. Upon information and belief, the Defendants requested submission of WR-35 forms for the Subject Wells in the September 9, 2021 letter in a further attempt to force DD Oil to cease its well work and require it to pay permit fees and fines to the OOG to complete its well work on the Subject Wells.

66. DD Oil has maintained that WR 35's were premature as well work was not complete.

67. In addition to prior communications, on October 13, 2021, the Defendants emailed Dan Doyle with Reliance Well Services, hereinafter ("RWS"), a service company contracted by DD Oil Company, and demanded that they not proceed to conduct any other work on Subject Wells under the allegation that "DD Oil does not have valid permit to frack the remaining wells." *See* Emails to RWS (Attached hereto as "Ex. 11").

68. The assertion that the September 9, 2021 letter was sufficient to revoke DD Oil's otherwise lawfully issued permits, demonstrates a clear and intentional violation of DD Oil's due process rights.

69. The Defendants sending the September 9, 2021 letter, as described herein, constituted an abuse of process and intentional deprivation of DD Oil's due process rights by government actors acting under the color of state law.

70. The Defendants then sending the October 13, 2021 email to RWS constituted an additional instance of abuse of process resulting in an intentional deprivation of DD Oil's due process rights by government actors acting under the color of state law.

71. Moreover, the Defendant(s) sending the October 13, 2021 email to RWS constituted tortious interference with an existing business relationship.

72. RWS ceased work on the Subject Wells due the correspondence received from the Defendants, thereby causing sustained and substantial financial losses to DD Oil.

**DD OIL SUFFERS FURTHER GOVERNMENTAL
OPPRESSION WHEN THE DEFENDANTS ISSUE
NOTICES OF VIOLATION AND FAILURE TO ABATE ORDERS**

73. On February 1, 2022, OOG Supervisor Newlon issued Notice of Violation Nos. 11778, 11779, 11780, and 11781, hereinafter (NOV's 11778-11781) stating that WR-35's are required to be submitted within 90 days of completion of well work. *See* NOV's

11778-11781 (Attached hereto as "Ex. 12").

74. On February 14, 2022, OOG Inspector Newlon, issued an Order to Cease Operations for Failure to Abate Violation, hereinafter ("Failure to Abate Order"). *See* Failure to Abate (Attached hereto as "Ex. 13").

75. DD Oil maintained that it could not abate a violation that did not occur and that it had valid permits for the Subject Wells.

76. Despite the fact that the Defendants continued to violate DD Oil's due process rights and abuse the judicial process, DD Oil applied for an annulment of NOV's 11778-11781 on February 25, 2022, hereinafter ("Request for Annulment Review"), again asserting that it had not completed drilling and/or hydraulic fracturing work and that form WR-35 was premature for the Subject Wells. *See* Request for Annulment Review (Attached hereto as "Ex. 14").

77. Per DD Oil's request to conduct a special inspection, the Defendants provided the Special Inspection Annulment Review dated March 4, 2022 ("March 4, 2021 Annulment Review"). (Attached hereto as "Ex. 15").

78. The Defendants then issued Order No. 2022-6 on March 9, 2022, denying DD Oil's application to annul NOV's 11778-11781, which was signed by Secretary Ward. *See* Order No. 2022-6 (Attached hereto as "Ex. 16").

79. DD Oil filed a Notice of Appeal and Appeal from Order and Annulment Review on March 23, 2022, hereinafter ("Appeal"). *See* Appeal (Attached hereto as "Ex. 17").

80. After discovery and pre-trial motions were completed, and a continuance requested by the Defendant(s), the appeal hearing was set before the Environmental Quality Board for July 14 and 15, 2022.

81. On July 8, 2022—one week prior to the hearing—the Defendant(s) filed WVDEP's

Vacation of Subject Order, Annulment of Underlying Notice of Violation, and Motion to Dismiss, hereinafter ("Motion to Dismiss"). *See* Motion to Dismiss (Attached as "Ex. 18").

82. On July 12, 2022, DD Oil Company filed DD Oil Company's Response to WVDEP's Vacation of Subject Order, Annulment of Underlying Notices of Violation, and Motion to Dismiss, hereinafter *("*Response to Motion to Dismiss*")*. *See* Response to Motion to Dismiss (Attached as "Ex. 19").

83. On July 13, 2022, the WVDEP issued Order No 2022-9 in which NOV's 11778-11781 were annulled and Order 2022-6 issued on March 9, 2022 was vacated. *See* Order No 2022-9 (Attached as "Ex. 20").

84. In Order No. 2022-9, the Defendants admitted that they did not follow procedure regarding the "special inspection of the subject site" as required by W.Va. Code § 22-6-4 and as such, again admitted to violating DD Oil's due process rights as it relates to required ministerial functions when Order 2022-6 was issued on March 9, 2022 and when the March 4, 2021 Annulment Review was issued.

85. In other words, the Defendants: (1) unlawfully and unilaterally declared DD Oil's lawfully issued permits for the Subject Wells invalid in the May 17, 2021 Email, leaving DD Oil with no recourse meeting the requirements for procedural due process to challenge the same; (2) improperly issued the July 16, 2021 Order; (3) frivolously filed for a TRO and Injunction, despite later admitting to having no factual basis for the same; (4) lost the Injunction; and then proceeded to issue the September 9, 2021 letter, NOV's 11778-11781, Order No. 2022-6, the Failure to Abate Order, and Order No. 2022-9, all under threat of criminal and civil penalties against DD Oil if it completed the necessary work; (5) corresponded with all of its service contractors to ensure all work ceased on

the Subject Wells; (5) delayed a hearing on the matter; and (6) finally, a week before the hearing and after the natural expiration of the permits, annulled it's NOV's 11778-11781 by Order 2022-9 – once again intentionally abusing the process and depriving DD Oil of its due process rights to challenge the frivolous allegations that its permits had expired on the merits of its Appeal before the Environmental Quality Board ("EQB").

## JULY 14, 2022 APPEAL HEARING

86. On July 14, 2022, the matter was heard by the EQB based upon DD Oil's request that the EQB extend DD Oil's permit rights that the Defendants infringed upon during the events giving rise to this action.

87. DD Oil, by its counsel, at the Appeal hearing, argued that annulment of NOV's 11778-117781 by Order No. 2022-9 after the natural expiration of its permits again deprived DD Oil of its due process rights and that in equity, the EQB or the Defendants must modify its permits under W. Va. Code §22B-1-7 to extend them for the period of time lost in ligation.

88. Unfortunately, the EQB erroneously decided that it did not have the authority to extend the subject permits and dismissed the action for "mootness," after the Defendants erroneously stated that the EQB also lacked authority to extend the permits at issue.

89. During the EQB hearing, the board's counsel commented,

> "all of the sudden out of nowhere the day before the hearing, they [the WVDEP] wipe their hands of everything like nothing ever happened. You know if you go back before – if they're wiping out the notice of violations, then if you go back to the time when those were issued, and then work your way forward, look at all the stuff that happened to DD Oil and what they had to go through at the time. That's what's concerning. I went to the University of Tennessee, and they used to have a saying, 'The big orange screw' is when the school screwed you, whether it would be registering for classes or whatever, but that was – you know, it was in the '80s, and that's what they called it, the big orange screw. This looks like the DEP screw." *See* Hearing Trans. at 43:7-21 (Attached hereto as "Ex. 21").

90. The Chairman of the Board appeared to agree with counsel's comments. *Id.*

91. Nevertheless, the EQB dismissed DD Oil's Appeal for "lack of subject matter jurisdiction" and "mootness" due to the annulment described above, solidifying the Defendants' systematic deprivation of DD Oil's due process rights. *See* Final Order (Attached hereto as "Ex. 22").

92. As a result of the Defendants wrongful conduct, delays in DD Oil's drilling program for the Subject Wells has resulted in significant and sustained financial losses, as well as unnecessary discourse between DD Oil and its investors.

**COUNT I – 42 U.S.C. 1983 – VIOLATIONS OF THE**
**FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

93. DD Oil hereby incorporates by reference paragraphs 1-92, as if stated verbatim herein.

94. 42 U.S.C.S. § 1983 provides a remedy for deprivations of rights secured by the constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage of any state or territory. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923.

95. The United States Constitution's Fourteenth Amendment prohibits the deprivation of life, property, or liberty without due process of the law, as well as the denial of equal protection of the law. *U.S. Const. amend. XIV.*

96. At all times relevant herein, DD Oil was deprived of cognizale property interests by the misconduct described herein.

97. As described herein above, the Defendants repeatedly knowingly, intentionally, and with a callous disregard for DD Oil's rights, deprived it of due process of the law.

98. At all times relevant herein, DD Oil's service providers were under threat of criminal and civil sanctions from the Defendants, thereby obstructing DD Oil's ability to conduct oil and gas operations in West Virginia  under its otherwise valid permits.

99. At all times relevant herein, the Defendants acted under the color of state law.

100. Each of the following constituted an abuse of judicial process and/or other deprivation of the Plaintiff's constitutionally protected due process rights:

    a. The email sent in May 2021, declaring DD Oil's permits for the Subject Wells expired, leaving DD Oil without any legal recourse to challenge the same;

    b. On or about June 30, 2021, certain Defendants named herein conspired to force DD Oil's owner Hugh Dale to sign a "Compliance Order" requiring a payment of $44,100.00 in penalties with the threat of a daily fine of $25,000.00 for continued alleged non-compliance.

    c. The issuance of the July 16, 2021 Order, as described herein above;

    d. The request for a Temporary Restraining Order to the Circuit Court of Ritchie County, West Virginia, claiming imminent danger to the State's water supply, without having any factual basis for the same, which was nevertheless granted, as further described herein;

    e. The filing for an Injunction based upon an imminent danger to the State's water supply without having any factual basis for the same, as described herein above;

    f. The September 9, 2021 letter demanding the submission of form WR-35 for the Subject Wells, as described herein above;

    g. The issuance of Notices of Violation in February 2022, as described herein above;

h.  The Defendants' failure to comply with West Virginia law and perform a required "special site inspection" after DD Oil requested the annulment of the February 2022 Notices of Violation, as described herein throughout;

i.  Defendant Secretary Ward's denial of DD Oil's request for annulment despite failing to comply with West Virginia law prior to denying the same; and

j.  The decision to annul the above-referenced Notices of Violation one week prior to the EQB hearing for the same, depriving DD Oil the right to an administrative hearing on the merits of the above-referenced misconduct.

101.  All of the above-referenced actions by the Defendants were done so with the intent to deprive DD Oil of its due process rights and unlawfully force it to pay for new permit fees for the Subject Wells, despite DD Oil's permits being valid under West Virginia state law governing the same and never being afforded the opportunity to challenge the same in a manner that would satisfy DD Oil's due process rights.

102.  Upon information, the Defendants named herein acted in concert and conspired to undertake the unlawful misconduct described herein throughout.

103.  The Defendants' threats and actions towards DD Oil and its service contractors has caused sustained and significant financial injury to DD Oil's oil and gas operations.

104.  As a direct and proximate result of the Defendants' misconduct described herein, DD Oil has suffered and will continue to suffer damages including, but not limited to, loss of millions of dollars in business income, diminishment of property value, loss of use, annoyance, inconvenience, and aggravation.

105.  Because the acts of the Defendants were "motivated by evil motive or intent" and/or "involve[d] a reckless or callous indifference to the federally protected rights of [the

Plaintiff]," an award of punitive damages is appropriate to the fullest extent permitted by law against the Defendants in which punitive damages are allowed. *See Morning v. Dillon Cty.*, No.: 4:15-cv-03349-RBH-TER, 2018 U.S. Dist. LEXIS 163072, at *12 (D. S.C. Jun. 12, 2018) (quoting *Smith v. Wade*, 461 U.S. 30 (1983)).

## COUNT II – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

106.    DD Oil hereby incorporates by reference paragraphs 1-105, as if stated verbatim herein.

107.    The Defendants who caused or contributed to this cause of action, as described herein, are not immune from liability because his/her/their act(s) and/or omissions were with malicious purpose, in bad faith, and/or in a wanton or reckless manner, as contemplated by *W.Va. Code §29-12A-5(b)(2)*.

108.    The Defendants, through their communications with DD Oil's well service providers have interfered with DD Oil's valid contracts with its service providers.

109.    The Defendants have, through its correspondence with DD Oil and its service contractors, unlawfully interfered with its oil and gas operations.

110.    The Defendants who interfered with DD Oil's well service contracts were not parties to those contracts.

111.    Moreover, when the Defendants took these actions, fall/winter was nearing, and as such, DD Oil could not procure another service provider before the inclimate weather prevented the necessary well work from being performed.

112.    Upon information and belief, some or all of the above-named Defendants conspired to commit unlawful acts or lawful acts by unlawful means in an effort to wrongfully obtain additional permit fees from DD Oil.

113.    As a direct and proximate result, DD Oil has suffered and will continue to suffer damages including, but not limited to, loss of millions of dollars in business income, diminishment of property value, price increases for well services due to inflation, loss of use, annoyance, inconvenience, and aggravation.

### COUNT III - ABUSE OF PROCESS

114.    DD Oil hereby incorporates by reference paragraphs 1-113, as if stated verbatim herein.

115.    The Defendants who caused or contributed to this cause of action, as described herein, are not immune from liability because his/her/their act(s) and/or omissions were with malicious purpose, in bad faith, and/or in a wanton or reckless manner, as contemplated by *W.Va. Code §29-12A-5(b)(2)*.

116.    The Defendants, as detailed above, have deprived DD Oil of its constitutional rights by instigating a legal process to the significant financial detriment of DD Oil.

117.    The Defendants subverted the legal process and proceedings in an attempt to accomplish their animus plan to obtain permit fees and fines from DD Oil *via* the unnecessary permit violations and other citations issued which required a monetary solution, a purpose for which the legal process was not designed to be used.

118.    Upon information and belief, some or all of the above-named Defendants conspired to commit unlawful acts or lawful acts by unlawful means in an effort to wrongfully obtain additional permit fees from DD Oil.

119.    The Defendants undeniably caused harm to DD Oil by abusing this process as the economic damages to the Plaintiff are currently estimated to be in the millions of dollars.

120.   As a direct and proximate result, DD Oil has suffered and will continue to suffer damages including, but not limited to, loss of millions of dollars in business income, diminishment of property value, price increases for well services due to inflation, loss of use, annoyance, inconvenience, and aggravation.

## COUNT IV - CIVIL CONSPIRACY

121.   DD Oil hereby incorporates by reference paragraphs 1-120, as if stated verbatim herein.

122.   The Defendants who caused or contributed to this cause of action, as described herein, are not immune from liability because his/her/their act(s) and/or omissions were with malicious purpose, in bad faith, and/or in a wanton or reckless manner, as contemplated by *W.Va. Code §29-12A-5(b)(2)*.

123.   Upon information and belief, some or all of the above-named Defendants conspired to commit unlawful acts or lawful acts by unlawful means in an effort to wrongfully obtain additional permit fees from DD Oil.

124.   The above-described misconduct constituted an "overt act or acts" in furtherance of a civil conspiracy or civil conspiracies.

125.   As a direct and proximate result, DD Oil has suffered and will continue to suffer damages including, but not limited to, loss of millions of dollars in business income, diminishment of property value, price increases for well services due to inflation, loss of use, annoyance, inconvenience, and aggravation.

## PRAYER FOR RELIEF

**WHEREFORE**, DD Oil respectfully requests the following relief:

a.  All economic and non-economic damages permitted by law;

b.   Annoyance, inconvenience, and aggravation;

c.   Attorney's fees, pursuant to 42 U.S.C.S. § 1988 and as otherwise permitted by law;

d.   Pre and post-judgment interest; and

e.   Such other relief as the Court may deem proper.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

**DD Oil Company,**
By Counsel

 /s/ Ryan J. Umina, Esq.
Beth L. Lebow, Esq. (W.Va. Bar No. 13009)
Ryan J. Umina, Esq. (W.Va. Bar No. 13056)
Seth F. Huy, Esq. (W.Va. Bar No. 13894)
**UMINA LEGAL, PLLC**
133 Greenbag Road
Morgantown, WV 26501
Phone: (304) 838-8024
ryan@uminalegal.com
beth@uminalegal.com
shuy@uminalegal.com